Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street
Suite 914
San Francisco, CA 94104
Telephone: 415.651.1951
Fax: 415.500.8300
mark@aoblawyers.com

David M. Trapani (SBN 131987)
Law Offices of David M. Trapani
2201 Francisco Drive, # 140
Eldorado Hills, CA 95762
Telephone: 916.939.2294
Email: dmtatlaw@hotmail.com

Attorneys for Plaintiff Frank J. Tenuto, Sr.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Frank J. Tenuto, Sr., <br><br> Plaintiff, <br><br> v. <br><br> JP Morgan Chase Bank, National Association; Equifax Information Services LLC, a Georgia limited liability company, Experian Information Solutions, Inc., an Ohio Corporation; and Trans Union LLC, a Delaware limited liability company; <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br><br> (Fair Credit Reporting Act 15 USC § 1681 et seq) <br><br> DEMAND FOR JURY TRIAL |

**Preliminary Statement**

1.     This is an action for damages brought by Frank J. Tenuto, Sr. against defendants JP Morgan Chase Bank, National Association; Equifax Information Services LLC; Experian Information

Solutions, Inc.; and Trans Union LLC for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*. (FCRA) and the California Consumer Credit Reporting Agencies Act, Civil Code § 1785.25(a)-(c).

**The Parties**

2.   Plaintiff Frank J. Tenuto, Sr. is an individual consumer.

3.   Defendant JP Morgan Chase Bank, National Association ("JP Morgan Chase Bank") is a large bank that has its headquarters in New York City, N.Y.

4.   Defendant Equifax Information Services LLC is a limited liability company organized under the laws of Georgia that has its principal place of business in Atlanta, GA.

5.   Defendant Experian Information Solutions, Inc. is an Ohio corporation, with its principal place of business in Costa Mesa, CA.

6.   Defendant Trans Union is a limited liability company with its principal place of business in Chicago, IL.

**Jurisdiction & Venue**

7.   The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p and supplemental jurisdiction over the California Civil Code claims pursuant to 15 USC § § 1367.

8.   The defendants regularly conduct business in this district. Plaintiff is a resident of Folsom, California, and the events described in this complaint arose in this district.

**Description of the Case**

9.   Beginning in 2002, plaintiff Frank J. Tenuto, Sr. owned a home located at 1012 Columbia Circle, El Dorado, California 95762.

10.   On or about November 29, 2007, plaintiff Frank J. Tenuto, Sr. refinanced the loan on the property with a loan from defendant JP Morgan Chase Bank. The loan was secured by a first deed

of trust.

11. On November 23, 2010, plaintiff sued JP Morgan Chase Bank in the El Dorado Superior Court in connection with the loan. The lawsuit was settled in March 2012; under the terms of the settlement plaintiff agreed to grant title to the bank in lieu of foreclosure. Plaintiff provided the bank a Grant Deed on February 27, 2012.

12. On June 8, 2012, the El Dorado County Assessor filed a notice of a Change of Ownership of the property that states the new owner of the property was defendant JP Morgan Chase Bank, N.A.

13. As of January 1, 2013, the El Dorado County Assessor's roll said that JP Morgan Chase Bank N.A. was the owner of the property.

14. On February 1, 2013, JP Morgan Chase Bank, N.A. belatedly submitted the Grant Deed to the El Dorado County Assessor office; however, the Assessor rejected the Grant Deed noting it was submitted with "insufficient data."

15. On March 20, 2013, the El Dorado County Assessor filed a notice of Change of Ownership that states the new owner of the property was Niham Group A California LLC, Mountain View, California.

16. On May 10, 2013, Niham Group, LLC, the new owner, submitted a Trustee's Deed Upon Sale to the property even though there had never been a foreclosure on the property and plaintiff had transferred ownership to the bank via a Deed in Lieu of Foreclosure in February 2012.

17. Although the Assessor filed the Trustee's Deed Upon Sale on May 10, 2013, the Assessor rejected the document noting there had been a Deed in Lieu of Foreclosure. True copies of the Trustee's Deed and the Assessor's note that the Deed was rejected are attached (Exhibits A and B).

18. Beginning in or about December 2012, JP Morgan Chase Bank has been reporting that there had been a foreclosure on the property to the defendant credit reporting agencies, Experian,

Equifax and Trans Union (the CRAs).

19. As of June 13, 2014, Experian was reporting that the status of the Chase Bank loan was "foreclosed;" that foreclosure was started ("FS") in December 2012 and in January, February, and March 2013; and that the "Account History" is "Foreclosed." None of this information is accurate.

20. On June 20, 2014, plaintiff sent Trans Union, Equifax and Experian dispute letters concerning the Chase Bank loan. Plaintiff explained that he had sued JP Morgan Bank in connection with the home loan and that the parties entered into a settlement agreement under which he granted the bank a deed in lieu of foreclosure. Plaintiff enclosed a copy of the settlement agreement and the signed Grant Deed. Plaintiff asked that the report that there had been a foreclosure be deleted.

21. On July 2, 2014, having received plaintiff's dispute letter, Equifax provided plaintiff the results of its reinvestigation. The results were that Equifax continued to erroneously report that there had been a foreclosure, that the status of the account was 120 days past due, and that the account was closed in March 2013.

22. On July 2, 2014, having received plaintiff's dispute letter, Experian said it had reviewed plaintiff's documentation, but it had "determined that we are not able to use it to make changes or deletions requested." Experian gave no reason it could not use the documentation to make changes or deletions.

23. On July 11, 2014, Trans Union, having received plaintiff's dispute letter, reported the results of its reinvestigation. The results were that Trans Union continued to report that the Chase Bank loan had been late in December 2012 and in January, February and March 2013, that the loan was 120 days past due, that there had been a foreclosure, and that the account was closed in March 2013. None of this information is accurate.

24. Following standard procedures, upon receipt of the dispute letters the three CRAs sent automated consumer dispute verification requests (ACDVs) to JP Morgan Chase Bank. The ACDVs

were supposed inform the CRAs that plaintiff disputed the accuracy of its credit reporting. In response to the ACDVs, JP Morgan Chase Bank apparently told the CRAs not to make any material changes in its reporting on the loan account.

25. Within the two years preceding the filing of this complaint, JP Morgan Chase Bank transmitted inaccurate and incomplete loan information to the CRAs knowing that the CRAs would sell the credit information to plaintiff's potential credit grantors and anyone who had a permissible purpose to obtain the credit information.

26. From time to time during the two years preceding the filing of this complaint, credit grantors from whom plaintiff sought credit obtained plaintiff's credit reports from the CRAs, which reports included JP Morgan Chase Bank's incomplete and inaccurate reports on the home loan.

27. Each such sale of credit information by a CRA during the two years preceding the filing of this complaint was a republication of JP Morgan Chase Bank's inaccurate and incomplete reports.

28. JP Morgan Chase Bank's reports to the credit bureaus were inaccurate, misleading, and incomplete.

29. Despite plaintiff's efforts, JP Morgan Chase Bank, Trans Union, Experian and Equifax willfully, intentionally, recklessly and negligently repeatedly failed to follow procedures that would correct the inaccurate, misleading and incomplete credit information.

**Plaintiffs' Damages**

30. Credit scores are used by credit grantors to decide whether to extend credit. The credit scores are primarily based on the contents of the consumer's credit reports published by CRAs.

31. Defendants' inaccurate and incomplete credit reporting caused a significant reduction in plaintiff's credit scores. Lower credit scores meant plaintiff could not get credit at all or that credit he did obtain was only available at higher interest rates than he would otherwise have had to pay.

32. Currently, plaintiff is being sued by the Homeowners' Association for HOA dues

accruing AFTER the date of the deed in lieu of foreclosure) due to false information that there had been a foreclosure. The cost of defending the lawsuit is an element of plaintiff's damages.

33. In addition, continuously during the two years preceding the filing of this complaint, plaintiff has suffered emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration due to defendant's inaccurate and incomplete credit reporting and will continue to suffer the same for an indefinite time in the future.

**First Claim: Violation of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against JP Morgan Chase Bank**

34. Plaintiff incorporates by reference ¶¶ 1-33.

35. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

36. JP Morgan Chase Bank negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate, misleading, and incomplete.

37. JP Morgan Chase Bank failed to conduct a reasonable investigation as to whether its credit reporting was accurate, misleading or incomplete.

38. Based on these violations of Civil Code § 1785.25 (a), plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**Second Claim: Violation of the Fair Credit Reporting Act—Against JP Morgan Chase Bank**

39. Plaintiff incorporates by reference ¶¶ 1-38.

40. The FCRA requires a furnisher such as JP Morgan Chase Bank, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by a furnisher, to conduct an investigation with respect to the disputed information, to review all relevant

information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

41.     Within the last two years, defendant JP Morgan Chase Bank provided inaccurate and misleading information to the credit reporting agencies.

42.     JP Morgan Chase Bank violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a)     willfully and negligently failed to conduct a reasonable investigation of the inaccurate information that plaintiff disputed;

(b)     willfully and negligently failed to review all relevant information concerning plaintiff's accounts;

(c)     willfully and negligently failing to report the results of investigations to the three national credit reporting agencies;

(d)     willfully and negligently failed to correct its reporting on the account;

(e)     willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the credit reporting agencies concerning the inaccurate information disputed by plaintiff;

(f)     willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiff's account to the credit reporting agencies;

(g)     willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-s(b); and

43.     As a result of the violations of § 1681s-2(b), plaintiff has been damaged.

//

**Third Claim: Violation of the Fair Credit Reporting Act—Against Equifax, Experian & Trans Union**

44. Plaintiff incorporates by reference ¶¶ 1 through 43.

45. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1)(A).

46. In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

47. Within the two years preceding the filing of this complaint, plaintiff notified Equifax, Trans Union, and Experian about the inaccuracies contained in its reports and asked it to correct the inaccuracies.

48. Equifax, Trans Union and Experian each failed to conduct a reasonable reinvestigation of the inaccuracies that plaintiff disputed, including without limitation failed to review the records of the El Dorado County Assessor, which are readily available online, and which conclusively prove that the disputed information is inaccurate.

49. Equifax, Trans Union, and Experian failed to review and consider all relevant information submitted by plaintiff.

50. Equifax, Trans Union, and Experian each failed to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiff's credit reports, information and file in violation of 15 USC § 1681e(b).

51. As a result of the above-described violations of § 1681i and § 1681e(b), plaintiff has sustained damages.

52. The violations of the FCRA were willful and therefore plaintiff is therefore entitled to also seek statutory and punitive damages.

**PRAYER**

WHEREFORE, plaintiff prays for judgment as follows:

1. Actual, statutory and punitive damages;
2. Injunctive relief;
3. Costs and attorney's fees; and
4. Such other relief as the Court may deem proper.

Dated: July 28, 2014.

ANDERSON, OGILVIE & BREWER LLP

LAW OFFICES OF DAVID M. TRAPANI

By  /s/ *Mark F. Anderson*
    Mark F. Anderson
    Attorney for Plaintiff


DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: July 28, 2014.

ANDERSON, OGILVIE & BREWER LLP

LAW OFFICES OF DAVID M. TRAPANI


By */s/ Mark F. Anderson*
   Mark F. Anderson
   Attorney for Plaintiff

# EXHIBIT A

Tenuto v JP Morgan Chase Bank et al

WHEN RECORDED MAIL TO:
NIHAM GROUP, L.L.C.

MAIL TAX STATEMENTS TO:
NIHAM GROUP, L.L.C.
809 B Cuesta Drive #111
Mountain View, CA 94040

El Dorado, County Recorder
William Schultz Co Recorder Office
DOC- 2013-0023706-00
Check Number 034198
Friday, MAY 10, 2013 08:50:55
Ttl Pd $814.40    Rcpt # 0001521419
DLC/C1/1-2

31620 ck cer

Space above this line for recorder's use only

Trustee Sale No. 242688CA    Loan No. 3018370712    Title Order No. 433535

## TRUSTEE'S DEED UPON SALE

APN 110-312-25-100    T.R.A. No. 100-186
The undersigned grantor declares:
1) The Grantee herein <u>was not</u> the foreclosing beneficiary.
2) The amount of the unpaid debt together with costs was ...................$1,629,133.93
3) The amount paid by the grantee at the trustee sale was....................$ 724,000.00
4) The documentary transfer tax is ......................................................$ 796.40
5) Said property is in EL DORADO HILLS  unincorporated

and CALIFORNIA RECONVEYANCE COMPANY (herein called Trustee), as the duly appointed Trustee or substituted Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without covenant or warranty, express or implied, to NIHAM GROUP, L.L.C.* (herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of EL DORADO, State of California, described as follows: LOT 160, OF THE SUMMIT UNIT NO. 2, FILED JULY 9, 1990, IN BOOK H OF MAPS, AT PAGE 26, AND AS AMENDED BY CERTIFICATE OF CORRECTION RECORDED MAY 15, 1997, IN BOOK 4914 OF OFFICIAL RECORDS, PAGE 411 AND MAY 21, 1997, IN BOOK 4918 OF OFFICIAL RECORDS, PAGE 93. EXCEPTING THEREFROM ANY LOTS LYING IN SECTION 16, TOWNSHIP 10 NORTH, RANGE 8 EAST, M.D.B. & M., 50% OF ALL MINERALS, OIL, GAS AND OTHER HYDROCARBON SUBSTANCES BELOW A DEPTH OF 100 FEET UNDER THE ABOVE DESCRIBED PROPERTY WITHOUT RIGHT OF SURFACE ENTRY, AS RESERVED BY JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, A MASSACHUSETTS CORPORATION, BY DEED RECORDED APRIL 14, 1985 IN BOOK 2422 OF OFFICIAL RECORDS, PAGE 620.
   * a California Limited Liability Company
Situs: 1012 COLUMBIA CIRCLE, , EL DORADO HILLS, CA 95762
RECITALS:
This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated 11-15-2007 and executed by FRANK J TENUTO TRUSTEE OF THE FRANK J TENUTO LIVING TRUST DATED 6/22/2001, as Trustor, and Recorded 11-29-2007, Book N/A, Page N/A, Instrument 2007-0074044-00 of official records of EL DORADO County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County, and such default still existed at the time of sale. All requirements of law regarding the mailing of copies of notices or the publication of a copy of the

023706

Trustee Sale No. 242688CA   Loan No. 3018370712   Title Order No. 433535

Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been complied with. Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust, sold the herein described property at public auction on 03-20-2013. Grantee, being the highest bidder at said sale, became the purchaser of said property for the amount bid being $724,000.00 in lawful money of the United States, or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the time of said Trustee's Sale.

DATE: 04-01-2013

CALIFORNIA RECONVEYANCE COMPANY, as Trustee

_____
Petra Vazquez, Assistant Secretary

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

On April 01, 2013 before me, ISABEL P. CABRERA , "Notary Public" personally appeared PETRA VAZQUEZ, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Isabel P. Cabrera_ (Seal)

> ISABEL P. CABRERA
> Commission # 1867322
> Notary Public - California
> Los Angeles County
> My Comm. Expires Oct 18, 2013

05/10/2013, 20130023706

# EXHIBIT B

Tenuto v JP Morgan Chase Bank et al

| Structural Plan | Average |
|---|---|
| Building Design | Single family residence |
| Building Use | Single family residence |
| Garages | 1 |
| Garage Stalls | 4 |
| Swimming pool | Y |

Parcel Number **110-312-25-100**

## Parcel Split Background

This parcel was formed from parcel   106-942-25-100   01/08/1991

## Owner Change History

**Recorded Document:**
Document Number: 2013-0023706
Record Change Date: 05/10/2013
Effective Owner Change Date: 03/20/2013
Proposition 13 appraisal: Yes
Value change: 100%
Document transfer tax: 796.40
Sales Reject reason: Deed in lieu of foreclosure

**Recorded Document:**
Document Number: 2013-0005662
Record Change Date: 02/01/2013
Effective Owner Change Date: 06/08/2012
Proposition 13 appraisal: Yes
Value change: 100%
Document transfer tax: 822.80
Sales Reject reason: Insufficient Data

**Recorded Document:**
Document Number: 2007-0074043
Record Change Date: 11/29/2007
Effective Owner Change Date: 11/29/2007
Sales Reject reason: Owner refinancing

**Recorded Document:**
Document Number: 2006-0080275
Record Change Date: 11/22/2006
Effective Owner Change Date: 11/22/2006

**Recorded Document:**
Document Number: 2006-0079431
Record Change Date: 11/21/2006
Effective Owner Change Date: 11/21/2006

**Recorded Document:**